IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-508-BO

SHIRLEY ELIZABETH SORENSON, )
)
    Plaintiff, )
)
v. ) ORDER
)
NANCY A. BERRYHILL, )
*Acting Commissioner of Social Security*, )
)
    Defendant. )

This matter is before the Court on the parties' cross-motions for judgment on the pleadings.[1] [DE 16, 21]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held in Elizabeth City, North Carolina on January 23, 2019. For the reasons discussed below, plaintiff's motion [DE 16] is GRANTED and defendant's motion [DE 21] is DENIED.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under Title XVI of the Social Security Act. Plaintiff filed her application on May 28, 2013, alleging disability dating back to January 1, 2008. Plaintiff's application was denied both initially and upon reconsideration. A hearing was held before an administrative law judge (ALJ) on June 3, 2016. The ALJ issued a decision in December 2016, finding that plaintiff was not disabled. In August

---

[1] Plaintiff denominated her motion as a motion for summary judgment rather than a motion for judgment on the pleadings.

2017, the Appeals Council denied review and made the ALJ's decision the final administrative decision of the Commissioner.

In October 2017, plaintiff filed the complaint at issue, seeking judicial review of the Commissioner's final decision that she was not entitled to disability benefits. [DE 5]. In February 2018, plaintiff moved for judgment on the pleadings. [DE 16]. Defendant moved for judgment on the pleadings in May 2018. [DE 21].

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted). Courts should not make their own credibility determinations or substitute their own judgments for the judgments of the ALJs. *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson*, 434 F.3d at 653. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is included in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and residual functional capacity can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, then the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Here, the analysis ended at step four when the ALJ considered plaintiff's residual functional capacity (RFC), determined that she would perform light work with some limitations, and concluded that plaintiff was capable of performing her past relevant work as it was actually performed. In other words, the ALJ found that from January 1,

2008 through December 1, 2016, plaintiff was not disabled within the meaning of the Social Security Act.

Plaintiff alleges that the ALJ erred (1) by failing to find that plaintiff's irritable bowel syndrome was a severe impairment and (2) by finding that plaintiff could perform her past relevant work. Plaintiff asks the Court to reverse and remand to the Commissioner with instructions to award benefits, or, alternatively, to remand for further proceedings.

The Court agrees that the ALJ erred in finding that plaintiff could perform her past relevant work. The ALJ found that a limitation to light work would accommodate plaintiff's impairments, but that conclusion is not supported by substantial evidence. An RFC should reflect the most that a claimant can do, despite the claimant's limitations. 20 C.F.R. § 404.1545(a). An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). Light work involves lifting no more than twenty pounds at a time, frequently lifting and carrying ten pounds at a time, and may require a good deal of standing or walking. 20 C.F.R. § 404.1567. The ALJ concluded that plaintiff could perform her past relevant work as a pizza delivery driver. Plaintiff, however, is prescribed multiple medications that preclude her from operating a motor vehicle, including Flexeril, Zyrtec, and Neurontin. ALJs are required to consider the side effects of medications in crafting an RFC assessment. SSR 96-8p. The ALJ based the determination that plaintiff could drive on plaintiff's testimony that she did not experience side effects from her medication, but plaintiff also testified that should could not take her medication and still drive. But upon review of the record, substantial evidence does not exist to support the conclusion that plaintiff could perform her past relevant work as a delivery driver, given that plaintiff must also take her medications daily.

As a result of the ALJ's erroneous finding that plaintiff could perform her past relevant work, an improper Medical-Vocational Guideline was applied. Plaintiff turned 55 years old on August 29, 2013. Her education is limited and, under 20 C.F.R. Pt. 404, Subpt. P, App'x II § 202.01, the ALJ's finding that plaintiff is limited to light work would direct a finding of disabled. Thus, plaintiff is entitled to disability benefits from August 29, 2013 forward. It is not clear from the record, however, given that the proceedings ended at step four with the ALJ's determination that plaintiff could perform her past relevant work, whether plaintiff was disabled during the closed period of January 1, 2008 to August 29, 2013. Accordingly, the case must be remanded to the Commissioner to award benefits from August 29, 2013 forward and to conduct further proceedings to determine whether plaintiff is entitled to disability benefits during the closed period.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that remand is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 16] is GRANTED and defendant's motion [DE 21] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits and for further administrative proceedings.

SO ORDERED, this 31 day of January, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE